Filed 8/14/25  P. v. Smith CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B338419 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA025128-01) |
| v. | |
| JOSHUA SMITH, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Affirmed.

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, we review an order denying Joshua Smith's motion for resentencing under Penal Code[1] section 1172.1, subdivision (a)(1). We affirm.

## BACKGROUND

On August 19, 2003, appellant Joshua Smith entered a no contest plea to violating section 288, subdivision (a) (lewd act on a child). On September 12, 2003, the trial court sentenced Smith to a term of 13 years imprisonment, consisting of a six-year middle term, doubled for a prior strike conviction, with a consecutive one-year term for serving a prior prison term pursuant to section 667.5, subdivision (b).

On March 29, 2024, Smith filed a petition for resentencing pursuant to sections 1170, 1171, and 1172. Smith contended he is entitled to have his sentence recalled under section 1172.75 because the term for his prison prior is now invalid. On April 5, 2024, the trial court noted that Smith's sentence included a one-term term for his prison prior. The court also stated that section 1172.75 was intended to allow for recall and resentencing for defendants currently serving a sentence that includes a now-invalid prison prior. The trial court found Smith ineligible for relief because he had already been released from custody on the 13-year sentence and was therefore not facing incarceration on the now-invalid one-year term for the prison prior. Rather, he "is serving a sentence on a completely unrelated case (MA067421), for crimes committed after [his] release from both actual and constructive custody in this case." The trial court denied the petition for recall and resentencing. Smith timely appealed.

---

[1]     Undesignated statutory references are to the Penal Code.

2

We appointed counsel to represent Smith on appeal. On June 11, 2025, counsel filed a no issue brief pursuant to *People v. Delgadillo*. Counsel advised us they told Smith he could file his own supplemental brief within 30 days and sent him transcripts of the record on appeal as well as a copy of the brief.

On June 11, 2025, this court sent Smith notice that a brief raising no issues had been filed on his behalf. We advised him he had 30 days within which to submit a supplemental brief or letter stating any issues he believes we should consider. We also advised him that if he did not file a supplemental brief, the appeal may be dismissed as abandoned.

On July 3, 2025, Smith filed a supplemental brief. He contends: 1) his substantial rights were violated because other similarly situated individuals were granted relief; 2) the trial court should have appointed counsel to assist him with his petition for recall and resentencing; 3) he is currently serving out a sentence imposed under the Three Strikes Law which violates his equal protection rights.

## DISCUSSION

Effective January 1, 2020, the Legislature eliminated one-year prior prison term enhancements except in cases involving prior terms for sexually violent offenses. (Stats. 2019, ch. 590, § 1; *People v. Rhodius* (2025) 17 Cal.5th 1050, 1053–1054.) The invalidation of these prior prison term enhancements was made retroactive two years later. (Stats. 2021, ch. 728, §§ 1, 3.) In the same provision, the Legislature established a mechanism for resentencing individuals "currently serving a term for a judgment that includes" such an enhancement. (§ 1172.75. subd. (b); *People v. Rhodius,* at p. 1055.) Section 1172.75 requires the Secretary of the Department of Corrections and Rehabilitation to identify any

3

individual in custody "currently serving a term for a judgment that includes an enhancement described in subdivision (a)." (§ 1172.75. subd. (b).) Upon receiving this information, the court that sentenced the individual is required to verify that "the current judgment includes a sentencing enhancement described in subdivision (a)." (*Id.,* subd. (c).) If the sentencing court verifies that the individual's judgment includes a now-invalid prison prior, the court is required to recall the sentence and resentence the individual, giving priority to those individuals who are "currently serving a sentence based on the [prison prior] enhancement." (*Id.,* subd. (c)(1).) Such resentencing must apply any changes in the law reducing sentences or providing judicial discretion and must result in a "lesser sentence" unless a lesser sentence would endanger public safety. (*Id.,* subd. (d)(1).)

The plain language of the statute and the mechanism it sets forth to address now-invalid terms for prison priors leads us to conclude that the resentencing mechanism does not apply to sentences that have already been served. Smith had completely served the sentence which included the now-invalid one-year term, so there was no pending sentence for the trial court to recall and modify. The trial court correctly denied his petition. The issues Smith raises in his supplemental briefing have nothing to do with the sentence he challenged in the trial court. If he has challenges to other subsequent prison sentences (and we note we have no information about those sentences), he must raise those challenges before the respective sentencing courts.

4

## DISPOSITION

The order is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

STRATTON, P. J.

We concur:

VIRAMONTES, J.

RUBIN, J.*

---

\*      Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.